# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FAITH JANICKI,

        Plaintiff,

v.                                                   Case No:   6:23-cv-1227-CEM-LHP

TIMOTHY MUCCIANTE and
HIDDEN OAKS LLC,

        Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 30)**
>
> **FILED:** October 25, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Before the Court is the parties' joint motion for approval of their FLSA settlement, which has been referred to the undersigned.  Doc. No. 30.  Upon

review, there are several issues with the motion (Doc. No. 30) and attached settlement agreement (Doc. No. 30-1) that prevent the undersigned from recommending that the Court approve the agreement.

First, there are discrepancies with the amount that Plaintiff will receive under the parties' agreement. Specifically, the agreement states that Plaintiff will receive a total of $8,250.00, to include $3,855.90 to be paid to Plaintiff and $4,294.10 to be paid to counsel. Doc. No. 30-1 ¶ 2. The amounts to be paid total $8,150.00, however. And this discrepancy is also reflected in the parties' joint motion. Doc. No. 30, at 2. Accordingly, clarification from the parties on the total amount to be paid under the settlement agreement is required.

Second, it appears that the parties' settlement eliminates Plaintiff's claim for liquidated damages. *See* Doc. No. 30-1 ¶ 2(a) (providing only that Plaintiff will receive $3,855.90 and her counsel will receive $4,294.10). *See also* Doc. No. 23, at 2 (Plaintiff's answers to Court Interrogatories estimating the amount of liquidated damages due). The parties do not address liquidated damages in their joint motion. Doc. No. 30. 29 U.S.C. § 216(b) provides that an employer who violates the provisions of the FLSA will be liable to the affected employee for unpaid overtime wages, as well as an equal amount in liquidated damages. "The award of liquidated damages is mandatory unless the employer can show that its actions were taken in good faith and that it had reasonable grounds for believing its actions

did not violate the statute." *Mcpherson v. Pci Sec., Inc.*, No. 6:13-cv-898-Orl-TBS, 2014 WL 12625456, at *3 (M.D. Fla. Apr. 3, 2014) (citing *Lowe v. Southmark Corp.*, 998 F.2d 335, 337 (5th Cir. 1993); *Spires v. Ben Hill Cty.*, 980 F.2d 683, 689 (11th Cir. 1993); *E.E.O.C. v. White & Son Enters.*, 881 F.2d 1006, 1012 (11th Cir. 1989)). Without explanation from the parties on this issue, the undersigned cannot find that the agreement is a fair and reasonable resolution of Plaintiff's FLSA claim. *Cf. Sutton v. Clayton Hosp. Grp., Inc.*, No. 6:14-cv-571-Orl-40TBS, 2015 WL 4066915, at *4 (M.D. Fla. June 30, 2015) ("The complete elimination of liquidated damages in this case is not fair or reasonable given that Defendants have promised to pay Plaintiffs a substantial percentage of the back wages they have demanded.").

Third, regarding attorney's fees, the joint motion does not provide a factual basis for the Court to determine the reasonableness of the attorney's fees Plaintiff's counsel is due to receive. Instead, the parties ask the Court to accept their stipulation as to the reasonableness of same. Doc. No. 30, at 7–8. Generally speaking, in FLSA cases, courts in this District approve the parties' agreement with respect to attorneys' fees and costs under two circumstances: (1) if counsel certify that the fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff, *see Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); or (2) if the parties provide sufficient evidence for the Court to determine whether the attorney's fees being paid are reasonable and the amount of

costs actually incurred. Absent such information, the undersigned is not inclined to recommend that the Court approve the parties' agreement. *See, e.g.*, *Martinez v. Lowe's Home Ctrs., LLC*, No. 6:22-cv-461-RBD-DAB, 2023 WL 3975334, at *3 (M.D. Fla. Mar. 8, 2023) (denying motion for settlement approval on same grounds, and ordering any renewed motion to include necessary information for the Court to conduct lodestar analysis or a *Bonetti* certification).

Fourth, the release provision in the agreement is problematic. Doc. No. 30-1 ¶ 3. Although labeled as a "Release of FLSA Claims," the provision extends to "*any all claims, known and known, asserted or unasserted . . . including, but not limited to*, any alleged overtime and/or minimum wage violations of the FLSA." *Id.* (emphasis added). "[A] release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint." *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015). Here the release clearly is not. Doc. No. 30-1 ¶ 3.[1]

Fifth, the agreement further contains a "Collective/Class Action Waiver and Jury Waiver" stating that "Plaintiff waives any right or ability to be a class or

---

[1] The release provision contains a confusing statement that "[t]his release does not include the waiver of claims by Plaintiff of any claims other than the Claims." Doc. No. 30-1 ¶ 3. However, it is not entirely clear from this provision what the definition of "the Claims" is. *See id.*

- 4 -

collective action representative or to otherwise participate in any putative or certified class, collective, or multi-party action or proceeding based on such a claim in which Defendant is a party." Doc. No. 30-1 ¶ 3(c). Undoubtedly, this provision extends beyond the FLSA wage claims asserted in the complaint. *See id.* And the parties fail to explain the propriety of the provision in their joint motion. Doc. No. 30. *Cf. Martinez v. Lowes Home Centers, LLC*, No. 6:22-cv-461-RBD-RMN, 2023 WL 3975395, at *3 (M.D. Fla. Mar. 28, 2023) (declining to approve similar provision because the parties did not demonstrate that the provision was reasonable).

Sixth, the agreement also extends to non-parties to the agreement. Doc. No. 30-1, at 1 (broadly defining "Plaintiff" and "Defendants" to include a host of non-party persons or entities). "The undersigned cannot approve a release to a 'host of individuals and entities' including 'unnamed past and present employees, agents, affiliated and subsidiary companies . . .'" *Bragg v. Marriott Int'l, Inc.*, No. 6:22-cv-265-WWB-EJK, 2022 WL 17082043, at *4 (M.D. Fla. Nov. 18, 2022) (quoting *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-Orl-28TBS, 2017 WL 8794847, at *4 (M.D. Fla. Oct. 19, 2017)).

Finally, the Settlement Agreement also contemplates that it may be modified by subsequent written agreement of the parties. Doc. No. 30-1 ¶ 7. The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to

circumvent *Lynn's Food* review through post hoc modifications of an already approved agreement.

Although the agreement contains a severability provision, Doc. No. 30-1 ¶ 5, given the lack of explanation regarding the settlement amount, liquidated damages, and attorney's fees, as well as the potentially problematic provisions addressed herein (and noting in particular that the severability clause does not apply to the release, *see* Doc. No. 30-1 ¶ 5), the undersigned declines to rewrite the parties' agreement for them at this time.  Accordingly, the Joint Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice (Doc. No. 30) is **DENIED without prejudice**.  A renewed motion, which shall be filed on or before **November 15, 2023**, must address each of the issues set forth in this Order.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties